United States v. Espada

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.**

**PRESENT:**
> **DENNIS JACOBS,**
> **REENA RAGGI,**
> **GERARD E. LYNCH,**
> > *Circuit Judges.*

_____

**United States of America,**
> *Appellee,*

> **v.**                                                          **13-2456**

**Pedro Gautier Espada,**
> *Defendant,*

**Pedro Espada, Jr.,**
> *Defendant-Appellant.*

_____

FOR APPELLEE:        Catherine Mary Mirabile, Susan Corkery, Claire S. Kedeshian, Assistant United States Attorneys, *for* Acting United States Attorney Kelly T. Currie, Brooklyn, New York.

FOR APPELLANT:       Pedro Espada, Jr., <u>pro se</u>, Fort Dix, New Jersey.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pedro Espada, Jr., <u>pro se</u>, appeals from a judgment of the United States District Court for the Eastern District of New York (Block, <u>J.</u>).

Espada was convicted, after a jury trial, of four counts of embezzling money from the Soundview Healthcare Network, a not-for-profit institution that received federal funds, in violation of 18 U.S.C. § 666(a)(1)(A), and thereafter, pursuant to a plea agreement, entered a guilty plea, to one count of subscribing to false and fraudulent statements in a 2005 tax return, in violation of 26 U.S.C. § 7206(1). He was sentenced to concurrent terms of 60 months' imprisonment on all counts, a term of three years' supervised release, restitution, forfeiture, and a special assessment.

Based on Espada's waiver of appellate rights contained in his plea agreement, this Court previously granted the government's motion to dismiss Espada's appeal of his conviction and term of imprisonment. The Court ordered the appeal to proceed with respect to Espada's challenges to the denial of his motion for a new trial brought pursuant to Federal Rule of Criminal Procedure 33, and to the non-imprisonment components of his sentence. <u>See</u> <u>United States v. Espada</u>, 13-2456, Dkt. No. 180 (2d Cir. Dec. 4, 2014).

Espada argues that the district court erred in denying his motion for a new trial based on the judge's alleged ex parte communication with the jury and the jury's alleged reliance on evidence not admitted at trial. He further contends that the district judge should have recused himself from deciding the new trial motion. Finally, he argues that the amount of the forfeiture money

judgment entered against him should have been decided by the jury, rather than by the court. We assume the parties' familiarity with the underlying facts and procedural history.

As to Espada's challenge to the denial of his Rule 33 motion: Espada alleges misconduct by the presiding judge and argues that the inquiry should not have been conducted by the judge himself. While it would ordinarily be better for such an inquiry to be conducted by another judge, our review of the record convinces us that denial of the motion was proper. Cf. United States v. Ianniello, 866 F.2d 540, 543 (2d Cir. 1989) (recognizing that "post-verdict inquiries may lead to evil consequences: subjecting juries to harassment, inhibiting jury room deliberation, burdening courts with meritless applications, increasing temptation for jury tampering and creating uncertainty in jury verdicts," but remanding for a hearing under the circumstances of that case).

Although the appeal waiver in Espada's plea agreement does not prohibit him from challenging the restitution and forfeiture components of his sentence, see United States v. Oladimeji, 463 F.3d 152, 156-57 (2d Cir. 2006), he does not challenge the amount of restitution or forfeiture imposed, and his procedural challenge to the imposition of those components of his sentence is meritless.

Both forfeiture and restitution were statutorily required. See 18 U.S.C. §§ 981(a)(1)(D), 3663A. Without challenging the amounts of forfeiture and restitution, Espada argues that the orders were "illegal" because the district court rather than the jury decided the issues. However, Espada explicitly agreed in his plea agreement that the court would decide the forfeiture issue, and implicitly agreed that the judge would determine restitution. In any event, we have held that the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply to forfeiture orders because forfeiture statutes do not establish any statutory maxima and are not a determinate

scheme. United States v. Fruchter, 411 F.3d 377, 381-83 (2d Cir. 2005). Espada's reliance on Southern Union Co. v. United States, 132 S. Ct. 2344, 2350-51 (2012), is inapposite; Southern Union held that criminal *fines* are subject to Apprendi. The case did not consider criminal *forfeiture*. With respect to restitution, even if Espada had not implicitly agreed to have the district judge decide the matter, restitution orders pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, which are based on factual findings made by a judge rather than by a jury, are constitutional. United States v. Reifler, 446 F.3d 65, 118 (2d Cir. 2006). Accordingly, the non-imprisonment components of Espada's sentence are affirmed.[1]

We have considered all of Espada's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Espada has waived any challenge to his term of supervised release and special assessment by failing to mention those issues in his brief. See United States v. Greer, 285 F.3d 158, 170 (2d Cir. 2002).

4